# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF MASSACHUSETTS
# (EASTERN DIVISION)

| | |
|---|---|
| In re:<br><br>BIOPURE CORPORATION,<br><br>　　　　　Debtor. | Chapter 11<br>Case No. 09-16725-FJB |

## MOTION FOR ORDER AUTHORIZING DEBTOR TO
## CHANGE CORPORATE NAME AND CASE CAPTION

Biopure Corporation, the above-captioned debtor and debtor-in-possession (the "Debtor"), pursuant to Section 105(a) of Title 11 of the United States Code (as amended, the "Bankruptcy Code"), seeks entry of an order authorizing it to change its corporate name and case caption to reflect the name change. In further support of this Motion, the Debtor respectfully states as follows:

## BACKGROUND

1.　　On July 16, 2009 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Massachusetts. The Debtor continues to manage its business and financial affairs as debtor-in-possession in accordance with Sections 1107 and 1108 of the Bankruptcy Code. Neither a trustee nor an official committee of unsecured creditors has been appointed.

2.　　The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

3. The statutory predicate for the relief requested herein is Section 105(a) of the Bankruptcy Code.

**RELIEF REQUESTED**

4. On October 20, 2009, the Court entered an *Order (a) Authorizing Sale of Certain of Debtor's Assets Free and Clear of All Liens, Claims, Interests and Other Encumbrances and (b) Approving Assumption and Assignment of Certain Agreements* (the "Sale Order"). Among other things, the Sale Order authorized, empowered and directed the Debtor to "implement and consummate all of the transactions contemplated by the Asset Purchase Agreement[1]…" See Sale Order ¶ 5.

5. Pursuant to the Asset Purchase Agreement, the Purchaser acquired certain assets of the Debtor, including all of the Debtor's "Trademarks" which term means "registered and unregistered trademarks, service marks, trade dress rights, trade names, Internet domain names, identifying symbols, logos, emblems, signs or insignia, and including all goodwill associated with the foregoing, and all registrations, applications and renewals therefor."

6. As a result of the sale of the Trademarks and as provided by the Asset Purchase Agreement, the Debtor is required to change its corporate name which would necessitate a modification of the caption of this Chapter 11 case.

7. By this Motion, and pursuant to Section 105(a) of the Bankruptcy Code, the Debtor seeks entry of an order authorizing it to change its corporate name and case caption to reflect the name change as set forth on <u>Exhibit A</u> attached hereto.

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Sale Motion.

8. Section 105(a) of the Bankruptcy Code provides a bankruptcy court with broad powers in the administration of a case under Title 11. Section 105(a) provides that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [Title 11.]" 11 U.S.C. § 105(a). The purpose of Section 105(a) is to "assure the bankruptcy courts power to take whatever action is appropriate or necessary in aid of the exercise of their jurisdiction." 2 *Collier on Bankruptcy* ¶ 105.01 (15th ed. rev.).

9. The Debtor seeks an order of this Court authorizing it to change its name in accordance with the provisions of the Asset Purchase Agreement and to correspondingly modify the caption of these proceedings to reflect the name change. This modification would not affect the administration of the Debtor's case.

10. Accordingly, the Debtor believes that authorization of the name change and modification of the case caption is in the best interests of the Debtor, its estate and creditors.

11. No prior motion for the relief requested herein has been made to this or any other court.

## **NOTICE**

12. Notice of this Motion has been given via electronic mail transmission, or first-class mail, postage prepaid to: (i) the Office of the United States Trustee and (ii) all parties requesting service of notice in this proceeding.

WHEREFORE, the Debtor respectfully requests that the Court enter an order, substantially in the form annexed hereto (a) approving the relief requested herein and (b) granting such other and further relief as is just and proper.

        Respectfully Submitted,

        BIOPURE CORPORATION,

        By its Attorneys,

September 21, 2009        /s/ Kathleen A. Rahbany
        Christopher J. Panos (BBO# 555273)
        Kathleen A. Rahbany (BBO# 654322)
        Craig and Macauley
          Professional Corporation
        Federal Reserve Plaza
        600 Atlantic Avenue
        Boston, Massachusetts 02210
        (617) 367-9500
        fax (617) 742-1788

**Exhibit A**

**UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MASSACHUSETTS
(EASTERN DIVISION)**

| | |
|---|---|
| In re:<br><br>PBBPC, INC. (f/k/a Biopure Corporation),<br><br>Debtor. | Chapter 11<br>Case No. 09-16725-FJB |

# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF MASSACHUSETTS
# (EASTERN DIVISION)

| | |
|---|---|
| In re:<br><br>BIOPURE CORPORATION,<br><br>     Debtor. | Chapter 11<br>Case No. 09-16725-FJB |

## ORDER AUTHORIZING DEBTOR TO
## CHANGE CORPORATE NAME AND CASE CAPTION

This matter having come before the Court on the *Motion for an Order Authorizing Debtor to Change Corporate Name and Case Caption* (the "Motion") filed by the above-captioned debtor and debtor-in-possession (the "Debtor"); and this Court having determined that granting the relief requested in the Motion is in the best interests of the Debtor, its estate and creditors; and it appearing that proper and adequate notice has been given and that no other or further notice is necessary; and upon the record herein; and after due deliberation thereon; and good and sufficient cause appearing therefore, it is hereby:

ORDERED, that the Motion is granted, and it is further

ORDERED, that notwithstanding anything contained in its organizational documents or applicable state law to the contrary, the Debtor is authorized to change its corporate name as requested in the Motion, and any amendment to the organizational documents (including the certificate of incorporation) of the Debtor to effect such a change is authorized and approved, without Board or shareholder approval; and it is further

ORDERED, that the case caption in this proceeding shall be modified as set forth on Exhibit A to the Motion; and it is further

2

ORDERED, that the Court shall retain jurisdiction to hear and determine all matters arising from or relating to the implementation or interpretation of this Order.

Dated: _____         _____
                                    UNITED STATES BANKRUPTCY JUDGE

2

**UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MASSACHUSETTS
(EASTERN DIVISION)**

| | |
|---|---|
| In re:<br><br>BIOPURE CORPORATION,<br><br>　　　　　　　Debtor. | Chapter 11<br>Case No. 09-16725-FJB |

CERTIFICATE OF SERVICE

　　　　I, Kathleen A. Rahbany, hereby certify that on September 21, 2009, I caused copies of the foregoing to be served on the parties set forth below at the addresses indicated thereon by the Court's ECF system or first class mail, postage prepaid.

September 21, 2009　　　　　　　　　　　　　　　/s/ Kathleen A. Rahbany
　　　　　　　　　　　　　　　　　　　　　　　　Kathleen A. Rahbany

- David C. Aisenberg    daisenberg@lcra.com
- Eric K. Bradford    Eric.K.Bradford@USDOJ.gov
- John Fitzgerald    USTPRegion01.BO.ECF@USDOJ.GOV
- Leonard A. Frisoli    laf@frisolilaw.com
- William J. Hanlon    whanlon@seyfarth.com
- Joseph J. Koltun    jkoltun@craigmacauley.com
- Frank McGinn    ffm@bostonbusinesslaw.com
- Douglas B. Rosner    drosner@goulstonstorrs.com
- Heidsha Sheldon    hsheldon@seyfarth.com, ogolinder@seyfarth.com
- James Addison Wright    james.wright@ropesgray.com, shuba.satyaprasad@ropesgray.com